UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ELENA SHAWBACK, ) | |
| Plaintiff, ) | 3:11-cv-00243 JWS |
| vs. ) | ORDER AND OPINION |
| WELLS FARGO BANK, N.A., ) | [Re: Motion at docket 17] |
| Defendant. ) | |

## I.  MOTION PRESENTED

At docket 17, defendant Wells Fargo Bank, N.A. ("defendant") moves pursuant to Federal Rule of Civil Procedure 12(c) for partial judgment on the pleadings. Plaintiff Elena Shawback ("Shawback") opposes the motion at docket 26. Defendant's reply is at docket 34. Oral argument was heard on July 24, 2012.

## II.  BACKGROUND

Shawback was employed by defendant and its predecessor, National Bank of Alaska, for approximately 20 years. During that time, Shawback earned a bachelor's degree and a master's degree in business administration. In 2007, Shawback began bidding unsuccessfully on upper management jobs. She was told she needed more managerial experience, and so Shawback accepted a position as a bank manager in

Palmer, Alaska. In 2009, Shawback was denied a similar position at a larger bank branch in Wasilla, Alaska.

Shawback expressed her dissatisfaction with the decision and alleges that she subsequently received the first poor performance review of her banking career. Shawback believes "she was being set up for a contextual separation for trying to buck the male biased advancement system and possibly posing a threat to that system."[1] Shawback therefore resigned on June 12, 2009.

On June 10, 2011, Shawback filed suit in Alaska state court asserting a claim against defendant pursuant to AS 18.80.220 and seeking relief pursuant to AS 22.10.020(I). Defendant was served on November 16, 2011, and the case was removed to federal court on December 13, 2011.

### III. STANDARD OF REVIEW

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."[2] Because "Rules 12(b)(6) and 12(c) are substantially identical,"[3] a motion for judgment on the pleadings is assessed under the standard applicable to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6).[4] Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[5] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

---

[1] Doc. 1-1 at ¶ 11.

[2] Fed. R. Civ. P. 12(c).

[3] *Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005).

[4] *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

[5] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

legal theory."[6]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[7]

To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]  "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[10]  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[12]

In ruling on a Rule 12(c) motion, then, a court must "determine whether the facts alleged in the complaint, . . . taken . . . as true, entitle the plaintiff to a legal remedy."[13]  "If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed or judgment granted on the pleadings."[14]  A Rule 12(c) motion is thus

---

[6] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[7] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[8] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[9] *Id.*

[10] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[11] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[12] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[13] *Strigliabotti*, 398 F. Supp. 2d at 1097.

[14] *Id.*

properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.[15]

## IV. DISCUSSION

Shawback's claim of constructive discharge from employment is made pursuant to AS 18.80.220.[16] The limitation period for claims under that statute is two years.[17] The discharge occurred on June 12, 2009. Defendant does not contend that Shawback may not pursue that claim. Rather, defendant maintains it is entitled to a ruling that, because Shawback's complaint was filed on June 10, 2011, claims based on conduct occurring before June 10, 2009, are time-barred and evidence of the earlier events may not even be used as evidence to support the constructive discharge claim. Shawback made it clear in her papers and again at oral argument that she is not advancing any independent claim based on events which took place prior to June 10, 2009. Rather, she argues only that the continuing violation doctrine permits the trier of fact to consider events outside the limitation period in determining the merits of her constructive discharge claim.

The continuing violation doctrine "allows plaintiffs to establish an ongoing tort through incidents that occurred before the statute of limitations period and that continued into the limitations period."[18] "The doctrine applies not to an initial violation that causes alleged permanent harm, but instead to an ongoing series of incidents."[19] As Shawback notes, "a plaintiff must first demonstrate that some discriminatory act

---

[15] *Knappenberger v. City of Phoenix*, 566 F.3d 936, 939 (9th Cir. 2009).

[16] Alaska Statute 18.80.220 prohibits, among other things, refusing employment to a person, barring a person from employment, or discriminating against a person in compensation, terms, conditions, or privileges of employment on the basis of sex. AS 18.80.220(a)(1).

[17] AS 09.10.070(a)(5).

[18] *Reich v. Cominico Alaska, Inc.*, 56 P.3d 18, 26 (Alaska 2002).

[19] *Smith v. State*, — P.3d —-, 2012 WL 2866003, at *4 (Alaska Apr. 27, 2012).

-4-

occurred within the limitations period . . . [t]he plaintiff must then show that the timely filed claim–based upon this act within the limitation period–is closely related to the otherwise time-barred claims."[20]

Defendant maintains that the allegedly discriminatory acts mentioned in the complaint which occurred prior to the constructive discharge were permanent violations and therefore may not be used as evidence to support the constructive discharge claim.[21] "The presence of a permanent violation outside the limitations period forecloses a plaintiff from invoking the continuing violation doctrine to pursue claims for conduct within the limitations period."[22] The Alaska Supreme Court has stated that "[t]he continuing violation doctrine does not exist to give a second chance to an employee who allowed a legitimate [discrimination] claim to lapse."[23]

The question then is whether the selection of others for promotion in 2007, the selection of another person to manage the Wasilla branch office in 2009, and the poor performance review, which seems to have been given some time in 2009, are permanent violations. A permanent violation "triggers a reasonable person's awareness of the alleged discrimination and the need to assert her rights."[24] Essentially, "if a plaintiff's actions show that she knew her rights had been violated by a certain point in time, the limitations period starts running from that date."[25]

Nothing in Shawback's complaint suggests that she believed her rights were violated when she was passed over for upper management positions in

---

[20] *Mahan v. Arctic Catering*, 133 P.3d 655, 659–60 (Alaska 2006).

[21] *See Egner v. Talbot's, Inc.*, 214 P.3d 272, 282 (Alaska 2009).

[22] *Id.*

[23] *Sengupta v. Univ. of Alaska*, 21 P.3d 1240, 1249 (Alaska 2001).

[24] *Id.*

[25] *Egner*, 214 P.3d at 282.

2007–subsequent paragraphs in the complaint indicate that she thought the additional managerial experience recommended to her, which she then obtained, would suffice. Concerning the Wasilla branch manager selection in 2009, Shawback's complaint alleges that she was passed over in favor of a less qualified "person."[26] This is in sharp contrast to her allegations that in 2007 she was passed over in favor of less qualified *male* employees.[27] In other words, as described in the complaint–which is all that counts for purposes of the present motion–there was no basis for a claim under AS 18.80.20 relating to the Wasilla branch manager position.

Finally, there is the poor performance review. It is unclear when that happened, but even if the representation made by defense counsel at oral argument that it had to have occurred prior to June 10, 2009, is correct, the court does not consider a poor performance review to be a permanent violation that would trigger a need to file suit. Rather, it would more likely and appropriately provide the basis for some less drastic behavior, such as the criticism Shawback expressed when at some point she "indicated her dissatisfaction with what she perceived as a 'glass ceiling.'"[28]

What stands out in the complaint is Shawback's very explicit allegation that "[*w*]*hen it became apparent to* [*p*]*laintiff* that she was being set up for a contextual separation for trying to buck the male biased advancement system,"[29] she resigned. As the court reads the complaint, the first time that Shawback actually realized she had a claim which she could advance in court was the day she resigned. The court therefore concludes that the prior allegedly discriminatory events were not permanent violations. Evidence relating to those events may be used to support the claim of constructive discharge on June 12, 2009.

---

[26]Doc. 1-1 at ¶ 9.

[27]*Id.* at ¶ 7.

[28]*Id.* at ¶ 10.

[29]*Id.* at ¶ 11.

## V. CONCLUSION

For the reasons above, defendant's motion at docket 17 for partial judgment on the pleadings pursuant to Rule 12(c) is **DENIED**.

DATED this 25th day of July 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE