UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| ELENA SHAWBACK, ) | |
| ) | |
| Plaintiff, ) | 3:11-cv-00243 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| WELLS FARGO BANK, N.A., ) | [Re: Motion at docket 56] |
| ) | |
| Defendant. ) | |
| ) | |

## I. MOTION PRESENTED

At docket 56, defendant Wells Fargo Bank, N.A. ("Wells") moves to compel supplemental discovery responses. Plaintiff Elena Shawback ("Shawback") responds at docket 61. Wells' reply is at docket 68. Oral argument would not assist the court.

## II. BACKGROUND

The factual and procedural background of this employment discrimination lawsuit is described in an order at docket 39. Readers unfamiliar with the background may read that order. Additional background pertinent to the pending motion is set out below.

## III. DISCUSSION

Wells' motion asks the court to require Shawback to provide complete responses to Interrogatory Nos. 8, 9, and 10, and Requests for Production Nos. 1, 15, and 26. Wells also asks the court to award the expenses, including attorneys' fees, incurred to

bring the motion. The parties' dispute may be reduced to an argument over two subjects. One is Shawback's withdrawal of funds from her 401(k) account, which she says were used for support during the period when her income was inadequate to do so. The second is Shawback's income as a self-employed consultant.

**A. 401(k) Withdrawals**

Interrogatory No. 8 inquired about Shawback's income from employers and other sources, notably including 401(k) withdrawals, from the time she left Wells. Interrogatory No. 9 asked for detailed information about income from any other source, including "the sources, dates, and amounts".[1] In her initial responses to Interrogatory Nos. 8 and 9 Shawback advised that she had no employer after leaving Wells and further advised that she began self-employment in 2010, which thereafter was her only source of income. Instead of providing the detailed information requested by Wells, Shawback advised that she had not completed her income tax returns for 2010 or 2011 at that point in time. She also advised that she was not seeking to recover damages for any lost income in 2012, or thereafter. It appears that her self-employment earnings were high enough that she suffered no loss. She did not make any objection to either Interrogatory. Shawback produced her 2007, 2008, and 2009 tax returns in response to Request for Production No. 1. Shawback subsequently did produce her 2010 and 2011 tax returns.

---

[1] Doc. 56 at p. 2.

Interrogatory No. 10 sought detailed information about 401(k) withdrawals for "the last ten years."[2] Shawback objected to Interrogatory No. 10 as follows:

> Objection, irrelevant and not likely to lead to relevant evidence, also unduly burdensome, especially in light of the lack of relevance. Plaintiff does not have records of those withdrawals and would have to get those from the bank.[3]

To support the proposition that information about 401(k) withdrawals for the past ten years is relevant, Wells argues that it is relevant to compare with the withdrawals after Shawback left her employment to see if she had a practice of making such withdrawals. The court finds this assertion unpersuasive. Before she left Wells, Shawback enjoyed a good salary. If she made any withdrawals before that time, they would not have been to replace that salary. Shawback's objection to Interrogatory No. 10 is sustained. Information regarding 401(k) withdrawals prior to the time she left Wells is irrelevant and not likely to lead to the discovery of relevant evidence. The subject of 401(k) withdrawals after she left Wells is addressed in connection with Interrogatory No. 8.

With respect to the 401(k) withdrawals covered by Interrogatory No. 8, Shawback contends that when she produced her tax returns, which show the amount of withdrawals because she had to pay an early withdrawal tax penalty on them, she produced all information necessary to a full response to Interrogatory No. 8 with respect to 401(k) withdrawals. Wells complains that it sought more detailed information and that there was no objection to Interrogatory No. 8. Yet, Interrogatory No. 8 does not request

---

[2] *Id.* at p. 3.

[3] *Id.*

anything more than the amount of 401(k) withdrawals during the period after Shawback left Wells. The information about 401(k) withdrawals sought in Interrogatory No. 8 is adequately answered in the tax returns. Of the three Requests for Production at issue, only Request for Production No. 1 would apply to 401(k) withdrawals and the provision of the tax returns is an adequate response.

In sum, Wells is not entitled to any relief with respect to Shawback's responses respecting 401(k) withdrawals.

## B. Self-Employment Income

Shawback did provide considerable information respecting her income in response to the discovery requests at issue, including income tax returns for the years 2007 through 2011, and record of her unemployment compensation payments. However, she objected to producing her client records on the basis that they are subject to confidentiality agreements with her clients. This objection is without merit, because the court approved the parties' stipulated protective order which clearly contemplates that confidential information will be provided subject to stringent safeguards.[4]

The court concludes that Shawback must produce her client billing and payment records.

## C. Award of Expenses

Given that Wells prevailed in part, but that Shawback also prevailed in part, the court is inclined to the view that neither party should be awarded expenses. However, it is clear from Rule 37(a)(5) that the court must give both parties an opportunity to be

---

[4] *See* docs. 50 and 51.

heard so that either may make a motion pursuant to Rule 37(a)(5)(C). The court wishes to advise that it is strongly of the view that such a game would not be worth the candle. Wells' request for an award of expenses will be denied without prejudice to further motion practice by Wells or Shawback seeking an award of expenses.

## IV.  CONCLUSION

The motion at docket 56 is **GRANTED** in part and **DENIED** in part as follows:

(1) Within 14 days from the date of this order, Shawback shall provide copies of all her records reflecting her self-employment billings and collections from all her clients in 2010 and 2011 in conformity with the protective order at docket 50.

(2) Upon condition that counsel first confer in person or by telephone (not an email exchange), within 14 days from the date of this order either of both Wells and Shawback may file a motion seeking an award of expenses pursuant to Rule 37(a)(5)((C).

DATED this 1st day of July 2013.

                                              /S/
                                 JOHN W. SEDWICK
                       UNITED STATES DISTRICT JUDGE